UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**DERICK LEE HALL**  Civil No. 06-1142 (ADM/SRN)

    **Petitioner,**

    v.  **REPORT AND RECOMMENDATION**

**R.L. MORRISON, Warden**

    **Respondent.**

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), and Motion for Writ of Mandamus and Injunction (Doc. No. 2). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(iii)(2).

**I.  BACKGROUND**

Petitioner is now a federal prisoner (Register Number 11412-045) incarcerated at the Bureau of Prisons ("BOP") Federal Prison Camp ("FPC") in Duluth, Minnesota. (Doc. No. 1). Petitioner is serving a 72 month sentence imposed by United States District Court Judge Rudolph T. Randa, for the Eastern District of Wisconsin. (Id.) Petitioner's projected release date is August 19, 2010. (See Govt.'s Resp. at 2).

On March 24, 2006, Petitioner applied to the Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). On March 24, 2006 Petitioner also moved for a Writ of Mandamus and Injunction. (Doc. No. 2). The Court ordered the United States to show cause why the writs

should not be granted (Doc. No. 3), and the United States filed its return on May 15, 2006 (Doc. No. 5).

Petitioner claims that the BOP's rules found at 28 C.F.R. §§ 570.20 and 570.21 are invalid. He argues that 18 U.S.C. § 3621(b) gives the BOP the discretion to transfer prisoners to a CCC at any time during their incarceration. In particular, Petitioner questions whether the BOP's new policy complies with the recent decisions of Fults and Elwood. Petitioner argues that the BOP's determination is based upon its regulations interpreting 18 U.S.C. § 3624(c), regulations which, according to Petitioner, violate the statute and the principles set forth by the Eighth Circuit Court of Appeals in Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004) (holding that 18 U.S.C. § 3624 grants the BOP the discretion to place inmates in CCCs at any time during their term of imprisonment, not to exceed six months, and that the reference to the last ten percent of the prison term in § 3624(c) is a statutory floor). Petitioner seeks an immediate transfer to a CCC, or in the alternative, he seeks an order that the BOP grant him an evaluation and consider transferring him to a CCC in accordance with the factors taken into account by the BOP prior to the adoption of its December 2002 policy.

## II.   DISCUSSION

In Elwood, the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy regarding CCC designation and held that the BOP has the discretion to transfer an inmate to a CCC at any time, but only has the duty to consider a transfer to a CCC in the last six months of a sentence. 386 F.3d at 845-47; see, 18 U.S.C. § 3624(c). In response to Elwood and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005. These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for

CCC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. §§ 570.20, 570.21 (2005).

Since filing his petition, the Eighth Circuit ruled on this very issue in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006). The Eighth Circuit declared the BOP's policy invalid as conflicting with 18 U.S.C. § 3621(b), which sets forth certain factors that must be considered by the BOP in making inmate placement or transfer determinations. <u>See id.</u> at 1090.

In response to the <u>Fults</u> decision, the BOP has changed its position, recognizing, in the Eighth Circuit, that §§ 570.20 and 570.21 are invalid. (<u>See</u> Govt.'s Resp. at 1.) Accordingly, the BOP agrees to follow the guidelines in existence prior to 2002. This BOP policy is set forth in Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedures</u>, December 16, 1998. The policy allows for direct commitment to a CCC and does not limit placement to six months or ten percent of the sentence, whichever is less. Under the policy, the determination of when an inmate is to be transferred to a CCC is based on a number of individualized factors. <u>E.g.</u>, <u>id.</u> at 7-8. The policy allows for CCC placement for more than six months, but such cases will be "highly unusual" and require extraordinary justification. <u>Id.</u> at 8. The BOP will consider prisoners for placement in a CCC, consistent with 18 U.S.C. § 3621(b) upon their initial placement in confinement and approximately "11 to 13 months before the inmate's projected release date." <u>Id.</u> (<u>citing</u> P.S. 7310.04 at 7.)

As a result of the BOP policy change, the BOP will follow the BOP guidelines which existed before 2002. Petitioner's projected release date is not until August 19, 2010 . Because the BOP has returned to its pre-2002 policy, Petitioner will be considered for release to a CCC 11-13 prior to his projected release date without regard to §§ 570.20 and 570.21. He is not entitled to immediate

3

transfer.

Finally, to the extent that petitioner argues that he has not received an individualized assessment, he must first exhaust his administrative remedies.

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and for a Writ of Mandamus and Injunction (Doc. No. 2) be **DENIED AS MOOT**, in light of the BOP's policy change of assigning prisoners to CCCs without regard to 28 C.F.R. §§ 570.20 and 570.21; and **DENIED** to the extent that he seeks immediate transfer to a CCC.

2. Petitioner's petition be **DENIED** to the extent that Petitioner contends he has not received an individualized assessment. Petitioner must first exhaust his administrative remedies within the BOP; and

3. Petitioner's petition be dismissed.

Dated: July 28, 2006

                                          s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States Magistrate Judge

Pursuant to D. Minn. L.R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 14, 2006 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.